# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Dieuleveut Johnathan Gouani, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) ~~3:26-cv-1827-JFA-PJG~~ |
| | ) |
| v. | ) **COMPLAINT AND JURY DEMAND** |
| | ) |
| Capital One, N.A., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

RCV'D - USDC COLA SC
MAY 5 '26 AM11:08

Plaintiff Dieuleveut Johnathan Gouani, proceeding pro se, alleges as follows:

## I. NATURE OF THE ACTION

**1.** This is an action for damages arising from Defendant's failure to conduct a reasonable investigation and correct inaccurate credit information after receiving notice of Plaintiff's disputes from consumer reporting agencies, in violation of 15 U.S.C. § 1681s-2(b).

**2.** Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and such other relief as the Court deems just and proper under 15 U.S.C. §§ 1681n, 1681o.

## II. JURISDICTION AND VENUE

**3.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

**4.** Jurisdiction and venue are proper in this District under 15 U.S.C. § 1681p because Defendant does business in this District, the disputed credit reporting was communicated into this District, and Plaintiff suffered injury in this District.

**5.** Venue is proper in the Columbia Division because Plaintiff resides in Lexington County, South Carolina.

## III. PARTIES

6. Plaintiff Dieuleveut Johnathan Gouani is a natural person and consumer residing in Lexington County, South Carolina.

7. Defendant Capital One, N.A. is a furnisher of information to consumer reporting agencies within the meaning of the Fair Credit Reporting Act and regularly conducts business affecting consumers in South Carolina.

## IV. FACTUAL ALLEGATIONS

8. Defendant furnished information concerning Plaintiff's Capital One account ending in 6300 to consumer reporting agencies, including Experian and Equifax.

9. On or about January 26, 2025, Plaintiff obtained consumer reports from Equifax and Experian reflecting Defendant's tradeline for the account ending in 6300.

10. Those reports reflected payment and balance information that did not match Defendant's own records concerning the account.

11. On January 29, 2025, Plaintiff submitted written disputes to Experian and Equifax regarding the tradeline for the account ending in 6300, including disputes concerning the balance, recent payment, date of payment, and payment history fields.

12. Upon information and belief, Experian and Equifax transmitted those disputes to Defendant through the ordinary dispute-notice process used between consumer reporting agencies and furnishers.

13. On or about March 3, 2025, Experian issued a post-dispute report stating that the item had been updated as a result of Experian's processing of Plaintiff's dispute in February 2025.

14. After receiving notice of Plaintiff's disputes, Defendant was required to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, report the results of the investigation, and correct, delete, or block inaccurate or unverifiable information. 15 U.S.C. § 1681s-2(b)(1)(A)–(E).

15. Defendant did not do so.

16. Instead, Defendant verified and continued furnishing inaccurate information regarding the account ending in 6300.

17. On or about May 2, 2025, in a state-court collection action styled *Capital One, N.A. v. Gouani*, No. 2025CP3203921, Defendant submitted a sworn Affidavit of Debt executed by Shannon Logan.

18. In that sworn Affidavit of Debt, Defendant represented, among other things, that the account reflected a $25.00 payment on November 17, 2023, and a principal balance of $1,647.98.

**19.** Plaintiff's consumer reports, however, reflected materially different information for the same account, including $0.00 payment activity associated with the November 17, 2023 payment event and a balance reported without the cents reflected in Defendant's sworn affidavit.

**20.** On or about October 20, 2025, in the same state-court action, Defendant's counsel filed a sworn Affidavit of Default executed by Carolyn Wilcox that stated in substance both that Plaintiff had made payments in the amount of $0.00 and that Plaintiff's last payment was made on November 17, 2023.

**21.** Those representations could not all be true at the same time.

**22.** Defendant had access to its own records, including the records underlying its sworn state-court filings, when it responded to the disputes sent through Experian and Equifax.

**23.** Despite that access, Defendant failed to reconcile the contradictions within its own records and failed to correct or delete the inaccurate information it furnished.

**24.** Defendant's investigation was unreasonable.

**25.** Defendant's continued verification and furnishing of inconsistent information after notice of dispute was negligent, reckless, and/or willful.

**26.** As a result of Defendant's conduct, Plaintiff suffered actual damages, including credit harm, loss of access to favorable credit, increased borrowing costs, emotional distress, frustration, humiliation, time spent addressing the inaccurate reporting, and other consequential harm.

**27.** By way of example, after Defendant failed to correct the tradeline, Plaintiff was forced into subprime credit on materially unfavorable terms, including a CreditNinja loan dated May 15, 2025, and continued subprime pricing reflected in a OneMain Financial offer dated March 3, 2026.

**28.** Plaintiff also experienced emotional distress and household strain during the period in which Defendant continued furnishing the disputed information.

## V. COUNT ONE — WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### *15 U.S.C. §§ 1681n, 1681s-2(b)*

**29.** Plaintiff repeats and realleges paragraphs 1 through 28 as if fully set forth herein.

**30.** After receiving notice of Plaintiff's disputes from Experian and Equifax, Defendant had duties under 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation, review all relevant information, report accurate results, and correct, delete, or block inaccurate or unverifiable information.

**31.** Defendant breached those duties.

**32.** Defendant's conduct was willful because, at minimum, Defendant acted in reckless disregard of its statutory obligations by verifying disputed information that conflicted with Defendant's own records and sworn submissions.

**33.** As a direct and proximate result, Plaintiff suffered actual damages.

**34.** Plaintiff is entitled to recover actual damages or statutory damages, punitive damages, and costs under 15 U.S.C. § 1681n.

## VI. COUNT TWO — NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

*15 U.S.C. §§ 1681o, 1681s-2(b)*

**35.** Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

**36.** In the alternative, Defendant negligently failed to comply with its duties under 15 U.S.C. § 1681s-2(b) after receiving notice of Plaintiff's disputes from consumer reporting agencies.

**37.** Defendant failed to conduct a reasonable investigation, failed to review all relevant information, and failed to correct inaccurate information.

**38.** As a direct and proximate result, Plaintiff suffered actual damages.

**39.** Plaintiff is entitled to recover actual damages and costs under 15 U.S.C. § 1681o.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages as allowed by law;

C. Punitive damages as allowed by law;

D. Costs of this action;

E. Prejudgment and post-judgment interest as permitted by law; and

F. Such other and further relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: May 5, 2026

Respectfully submitted,

Dieuleveut Johnathan Gouani

126 Thornhill Rd

Columbia, SC 29212

(980) 345-9141

dgouani713@gmail.com

Plaintiff, pro se